# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JUSTIN FREGOSI,<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>        Defendants. | CASE NO. 3:18-cv-5440-RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT |

This matter comes before the Court on Defendants' Motion for a More Definite Statement. Dkt. 11. The Court has considered the pleadings filed regarding the motion and the remainder of the record herein.

On June 4, 2018, Plaintiff filed this case, moved to proceed in forma pauperis ("IFP"), and provided a proposed complaint. Dkt. 1 and 1-1. Plaintiff's application for IFP was granted. Dkt. 3. Defendants now move the Court to order Plaintiff to file an amended complaint that provides a more definite statement of the facts of the case and his claims for relief. Dkt. 11.

Plaintiff's Complaint is somewhat difficult to follow. In his "Statement of Facts," attached to the Complaint, Plaintiff does assert, in part, that the Defendants violated his due

process rights when Christie Dotson and Jamie Young, both social workers, testified in state court that Plaintiff had a prior child abuse conviction which resulted in his children being placed in foster care. Dkt. 4, at 7-8. Plaintiff claims that he had no such conviction, and while one of his children was in foster care, the child was abused. Dkt. 4, at 8. Plaintiff's Complaint is fairly hard to understand, but he also refers to other federal statutes and state law claims. Dkt. 4. Plaintiff's Complaint states that he seeks damages for himself and for his children. *Id.*

**STANDARD ON MOTION FOR A MORE DEFINITE STATEMENT**. Fed. R. Civ. P. 12 (e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**MOTION FOR A MORE DEFINITE STATEMENT.** In their motion, Defendants argue that Plaintiff's Complaint is vague and that they are left to guess which constitutional amendments are being alleged as violated. Dkt. 11. They note that the Complaint "makes reference to 28 U.S.C. Code 4101 as the federal statute for his jurisdictional basis to bring this action." *Id.* (The portion of the U.S. Code cited is the definition section of The Securing the Protection of our Enduring and Established Constitutional Heritage Act, which provides that a U.S. "domestic court 'shall not recognize or enforce a foreign [country's] judgment for defamation' unless it satisfies both First Amendment and due process considerations." *See Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 487 (5th Cir. 2013)(*Citing* 28 U.S.C. § 4102). It does not appear to apply in any way here). Defendants assert that his declaration of facts Plaintiff "cites a number of different cases and different constitutional amendments," but it is

unclear upon which facts those claims are based. *Id.* They assert that although he refers to DSHS social worker Christine Dotson in his declaration of facts, she isn't listed as a defendant in the caption of the Complaint. *Id.* The Defendants note that although Plaintiff seeks damages for his children, they are not included as Plaintiffs. *Id.*

**DECISION ON MOTION FOR A MORE DEFINITE STATEMENT**. Defendants' Motion for a More Definite Statement (Dkt. 11) should be granted. The Defendants have shown that the Plaintiff's Complaint is so vague and ambiguous that it is difficult for them to formulate a response. Further, Plaintiff failed to respond to the motion. Under Local Rule W.D. Wash. 7(b)(2), "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Accordingly, on or before August 17, 2018, Plaintiff should be ordered to file an amended complaint which follows the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 10, "Form of Pleadings," which provides:

> (a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7 (a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.
>
> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.
>
> (c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Further, Plaintiff should follow Rule 8, including 8 (a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff should plainly state what happened and what claims he is making as a result. Plaintiff should also refer to the remaining federal rules and the Local Rules of the Western District of Washington for guidance. Even though he is acting pro se, he is expected to follow all the federal and local rules. Plaintiff should be aware that "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)(*internal citation and quotation marks omitted*).

Plaintiff is notified that failure to respond to this order by filing an amended complaint may result in dismissal of his case.

## **ORDER**

- Defendants' Motion for a More Definite Statement (Dkt. 11) **IS GRANTED;** and
- On or before **August 17, 2018**, Plaintiff should file his amended complaint, if any and Plaintiff should be aware that failure to do so may result in dismissal of the case.

The Clerk is directed to send Plaintiff a summons form and uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of July, 2018.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION FOR A
MORE DEFINITE STATEMENT- 4